SOUTHERN DISTRICT OF MISSISSIPPI
F I L E D

MAR 20 2018

ARTHUR JOHNSTON
BY _____ DEPUTY

IN THE UNITED STATES DISTRICT COURT OF MISSISSIPPI
SOUTHERN DISTRICT (NORTHERN DIVISION)

CATHERINE LEVY,                                              PLAINTIFF
FOR THE WRONGFUL DEATH BENEFICARIES
OF ERNEST JAMES LEVY

VS.                                          CAUSE NO. 3:18-cv-173-HSO-LRA

DAVITA, INC. AND
JOHN DOES 1-5                                              DEFENDANTS

COMPLAINT FOR DAMAGES
(PLAINTIFFS DEMAND A JURY TRIAL)

COMES NOW the Plaintiff, Catherine Levy, by and through counsel, and files this her

complaint for damages against the Defendants, Davita, Inc., and John Does 1-5 pursuant to the

statutes and of this jurisdiction and would show unto this Honorable Court as follows:

I.
THE PARTIES

1.  That Plaintiff, Catherine Levy, is an adult citizen of Pickens, Holmes County,

Mississippi residing at 5389 Highway 51 North.

2. That Defendant Davita, Inc.  (hereafter "Davita") at all times mentioned herein, is a

corporation organized and existing under the laws of Colorado and operates, inter alia, renal

health treatment facilities in the United States, whose principal place of business is in Denver,

Colorado. Davita can be served with process via its registered agent Corporation Service

Company, 5760 I-55 North, Suite 150, Jackson, Mississippi 39211.

3. That John Does 1-5 are agents, employees and/or servants of Davita who are unknown

to Plaintiff and whose actions and/or inactions either caused or contributed to the injuries

complained of herein.  Such John Does will be served with process of this Court in accordance

with the requirements of this Court when discovered.

1

## II.
## JURISDICTION AND VENUE

4. That the allegations of the preceding paragraphs are incorporated by reference as if set forth in full herein.

5. That jurisdiction is proper in this Court pursuant to 28 U.S.C. §1332 given that Defendants Davita, Inc. is an out of state corporation and the matter in controversy exceeds $75,000.00.

6. That venue is proper in this division pursuant to the local rules of the Court given tortuous acts, breaches and/or omissions of the Defendants occurred, accrued, or committed in whole or in part in Madison County, Mississippi.

## III.
## THE FACTS

7. That the allegations of the preceding paragraphs are incorporated by reference as if set forth in full herein.

8. On or about April 6, 2015, Plaintiff's husband, Ernest Levy, was undergoing a dialysis treatment at Defendant's place of business located in Canton, Madison County, Mississippi when he began to aspirate.

9. Inadequate medical treatment was rendered to Mr. Levy after he began experiencing health complications that required immediate use of medical protocols and treatment. It was from the failure to activate said protocols and administer treatment that lead to Mr. Levy's untimely death.

10. Pursuant to Miss. Code Ann. §51-1-36 (Rev. 2009), Plaintiff submitted her Notice of Claim on or about April 4, 2017 along with her Certificate of Consultation as required by Miss. Code Ann. §11-1-58 (1). Plaintiff caused to be filed a Complaint for Damages in the Circuit

Court of Madison County (thereby tolling the statute of limitations) on June 2, 2017, but caused

said complaint to be dismissed on or about March 16, 2017 given that it was filed one (1) day

prematurely (i.e., the complaint was filed just before the sixty (60) day required waiting period

had expired as prescribed by Miss. Code Ann. §51-1-36 (2)).

IV.

CAUSES OF ACTION

11.  That the allegations of the preceding paragraphs are incorporated by reference as if

set forth in full herein.

A. NEGLIGENCE

12.  At all times complained of herein, the Defendants held themselves out to the Plaintiff

to be skilled and qualified to render proper dialysis treatment with a high degree of skill and care.

However, during April 6, 2015, Defendant failed to render any treatment to the deceased with

respect to the fall in his blood pressure or to make adjustments to his dialysis treatment to Mr.

Levy who was a sensitive patient due to other ailments.

13.  That Defendants Davita breached the aforementioned duties and others and said

breach was the proximate and/or proximate contributing cause of the injuries and death to Ernest

Levy.  Because such actions constitute the tort of negligence, they are liable for such injuries and

damages.

B. GROSS NEGLIGENCE

14.  That Defendants were grossly negligent and/or wantonly failed to exercise due and

reasonable care and foresight in its dealings with the Plaintiff's husband, Ernest Levy.  Such

gross negligence was evidenced by a reckless and callous indifference to the apparent, real, and

3

immediate harm and damage to Ernest Levy.  Because such actions constitute the tort of gross negligence, they are liable for the injuries and damages caused by them.

### C.  PUNITIVE DAMAGES

15.  That the wrongful actions of the Defendants were willful, reckless and/or grossly negligent and were committed with reckless disregard. Consequently, Defendants should be subject to an award of punitive damages.

### V.
### PRAYER FOR RELIEF

16.  The allegations of the preceding paragraphs are incorporated by reference as if set forth in full herein.

WHEREFORE, PREMISES CONSIDERED, Plaintiff Catherine Levy requests a trial by jury and demand from and of Defendants, individually and jointly, as follows:

a.  actual and compensatory, consequential and incidental damages, in the amount of Three Million Dollars ($3,000,000.00);

b.  punitive damages;

c.  attorney's fees, costs and expenses incurred in prosecuting this action;

d.  pre-judgment and post-judgment interest; and

e.  all such other, further and different relief to which the Plaintiff may be entitled under the premises.

RESPECTFULLY SUBMITTED, this 19th day of March, 2018.

CATHERINE LEVY,
PLAINTIFF

By: /s/ Sanford E. Knott
SANFORD E. KNOTT (MB #8477)
Attorney for Plaintiff

4

OF COUNSEL:

Sanford E. Knott, Esquire
SANFORD KNOTT & ASSOCIATES, PA
Post Office Box 1208
Jackson, MS 39215-1208
601-355-2000 tel
601-355-2600 fax
knottlaw@bellsouth.net