UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

CATHERINE LEVY                                                                    PLAINTIFF

v.                                                   CIVIL ACTION NO. 3:18-CV-173-DPJ-LRA

DAVITA, INC., ET AL.                                                          DEFENDANTS

ORDER

This medical-malpractice case is before the Court on Defendant DaVita, Incorporated's ("DaVita") Motion to Dismiss and/or for Summary Judgment [16]. Plaintiff Catherine Levy responded in opposition [21]; DaVita offered no reply. For the reasons that follow, the motion is denied.

I.      Background

Levy's case relates to medical treatment that Ernest James Levy, her late husband, received on April 6, 2015. Compl. [1] ¶ 8. Her Complaint [1] alleges that while receiving dialysis treatment at DaVita's facility, Ernest began to experience health complications and DaVita failed to administer necessary treatment. *Id.* ¶ 9. According to Levy, DaVita's inactions proximately caused her husband's death. *Id.*

Initially, Levy sent DaVita pre-suit notice of her medical-malpractice claim—as required by Mississippi Code Annotated § 15-1-36(15)—on April 4, 2017. *Id.* ¶ 10; *see* Letter [17-1]. She then filed her case in the Circuit Court of Madison County on June 2, 2017. Compl. [1] ¶ 10. After realizing that she filed it one day before the statutory 60-day waiting period expired, Levy voluntarily dismissed the case on March 16, 2018. *Id.*; *see* Voluntary Dismissal [17-2]. Levy then brought essentially the same medical-malpractice action in this Court on March 20, 2018. Compl. [1].

In response, DaVita filed its Motion to Dismiss [16]. The parties dispute whether Levy's original pre-suit notice satisfies the statute's requirements to begin this action and whether her claim is now time-barred. The Court has both personal and subject-matter jurisdiction.

II. Standard

DaVita seeks dismissal or alternatively summary judgment. Because the parties' record evidence does not alter the analysis, the Court declines to exercise its discretion under Rule 12(d) and will not apply Rule 56. Accordingly, this Order is based on the information within the scope of Rule 12.

As for the motion to dismiss, DaVita generally cites "Rule 12" in its motion and brief. But because it moved after answering, the motion falls under Rule 12(c)—the standards for which track Rule 12(b)(6). *See Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 313 n.8 (5th Cir. 2002).

Under Rule 12(b)(6), the "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (quoting *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999) (per curiam)). To overcome a Rule 12(b)(6) motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (citation and footnote omitted). In sum, "Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law." *Neitzke v. Williams*, 490 U.S. 319, 326 (1989); *see Atteberry v. Nocona Gen. Hosp.*, 430 F.3d 245, 251–252 (5th Cir. 2005) ("[W]e are restricted to determinations of question[s] of law and legal issues.").

Further, dismissal under Rule 12(b)(6) may be proper "where it is evident from the plaintiff's pleadings that the action is barred and the pleadings fail to raise some basis for tolling or the like." *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003) (citations omitted); *see* 5B Charles Alan Wright & Arthur R. Miller, Fed. Prac. & P. § 1357 (3d ed. 2004) ("[T]he inclusion of dates in the complaint indicating that the action is untimely renders it subject to dismissal for failure to state a claim.").

III.  Analysis

DaVita raises two independent arguments for dismissal, both of which appear in its Answer [9]. First, it says Levy failed to provide mandatory pre-suit notice. Def.'s Mem. [17] at 1. Second, it says Levy's claim is time-barred under the applicable statute of limitation. *Id.* at 2. The Court will address each argument in turn.

   A.  Medical-Malpractice Pre-Suit Notice

DaVita says Levy's Letter violates Mississippi Code Annotated § 15-1-36(15) because she sent it before the first lawsuit and failed to resend it before filing the second lawsuit. *Id.* at 6–7. Section 15-1-36(15) states, in relevant part:

> No action based upon the health care provider's professional negligence may be begun unless the defendant has been given at least sixty (60) days' prior written notice of the intention to begin the action. No particular form of notice is required, but it shall notify the defendant of the legal basis of the claim and the type of loss sustained, including with specificity the nature of the injuries suffered.

Miss. Code Ann. § 15-1-36(15).

According to DaVita, the "Mississippi Supreme Court unequivocally held in *Arceo v. Tolliver* that each time a plaintiff files a new lawsuit they must serve the mandatory pre-suit notice required by statute." Def.'s Mem. [17] at 5 (citing *Arceo v. Tolliver*, 19 So. 3d 67, 71 (Miss. 2009) ("*Arceo II*")). This construction is incorrect and borderline frivolous.

3

*Arceo II* must be read in conjunction with *Arceo I*, *Arceo v. Tolliver*, 949 So. 2d 691 (Miss. 2006). In *Arceo I*, the plaintiff's claims were dismissed without prejudice because she "wholly failed to provide any written notice to any medical provider concerning her intention to commence suit." 949 So. 2d at 694. Following dismissal, the plaintiff sent a pre-suit letter to the defendant doctor and waited more than 60 days before filling her second complaint. *Arceo II*, 949 So. 2d at 70. The case was again dismissed, this time because the notice letter failed to address the topics section 15-1-36(15) requires. *Id.* at 71. But the plaintiff argued that the content of the notice letter was irrelevant because the previous litigation in *Arceo I* put the defendant on notice. *Id.* The Mississippi Supreme Court disagreed and held the "statute's notice requirement is not limited to the first filed action, but applies to all." *Id.* Thus, the *Arceo II* Court concluded that the statute could not be "construed to say that notice is not required when filing a second suit after dismissal of a first on the same cause of action (*where no pre-suit notice was given* for the first suit and an inadequate notice was given before the second suit)." *Id.* (emphasis added).

DaVita bases nearly its entire motion on the "well-reasoned analysis of the Mississippi Supreme Court in *Arceo v. Tolliver*." Def.'s Mem. [17] at 1. Yet *Arceo II* in no way addresses whether Levy was required to provide a new notice letter after dismissing her first complaint, and neither party provides controlling authority on this question.

Looking to the statute's text, the Court's best *Erie* guess is that the original pre-suit notice satisfies section 15-1-36(15) for Levy's second lawsuit against the same health-care provider. The statute reads, in relevant part, that "no action based upon the health care provider's professional negligence may be begun unless the defendant has been given at least sixty (60) days' prior written notice of the intention to begin the action." Miss. Code Ann. § 15-1-36(15).

4

Levy clearly gave DaVita more than 60 days' prior written notice of her intention to begin this action—she sent her Letter on April 4, 2017, and filed her second complaint on March 20, 2018. Compl. [1]. Thus, under a plain reading of the statute, Levy's Letter gave timely notice for this action. *See Marx v. Broom*, 632 So. 2d 1315, 1318 (Miss. 1994) ("The [Court] cannot restrict or enlarge the meaning of an unambiguous statute."); *see also Hans v. Mem'l Hosp. at Gulfport*, 40 So. 3d 1270, 1273–74 (Miss. Ct. App. 2010) (holding that notice provided to doctors after suit was filed was sufficient where plaintiff voluntarily dismissed doctors and then amended complaint to rename them as defendants based on same notice).[1]

    B.    Statute of Limitation

Alternatively, DaVita says Levy's lawsuit should be dismissed as time-barred under the applicable statute of limitation. Def.'s Mem. [17] at 7. DaVita traces this dispute's procedural history in great detail, concluding that Levy filed her second complaint one day late. *Id.* at 7–8. But DaVita ignores Mississippi's savings statute, which states, in relevant part:

> If in any action, duly commenced within the time allowed, the writ shall be abated, or the action otherwise avoided or defeated . . . for any matter of form . . . the plaintiff may commence a new action for the same cause, at any time within one year after the abatement or other determination of the original suit.

Miss. Code Ann. § 15-1-69.

Significantly, "the savings statute applies to toll the statute of limitations when a case is dismissed by the court for a plaintiff's failure to provide presuit notice to medical providers, as the statutory notice is a matter of form encompassed by the savings statute." *Myers v. GGNSC Holdings, LLC*, No. 2:11-CV-133-B-A, 2013 WL 1913557, at *3 (N.D. Miss. May 8, 2013)

---

[1] DaVita suggests in a footnote that even assuming the Letter counts, its contents fail to comply with section 15-1-36(15). DaVita offers no legal authority for this conclusory assertion, and the notice itself obviously addresses what the statute requires. *See Arceo II*, 19 So. 3d at 72 (holding that contents of notice must substantially comply with section 15-1-36(15)'s requirements).

(citing *Arceo II*, 19 So. 3d 67, 74–75). Thus, this action is timely, and the Court denies DaVita's Motion to Dismiss [16] as to this ground as well.[2]

V.      Conclusion

The Court has considered all the parties' arguments. Those not specifically addressed would not change the outcome. For the foregoing reasons, the Court denies DaVita's Motion to Dismiss [16].

**SO ORDERED AND ADJUDGED** this the 30th day of October, 2018.

                                              s/ *Daniel P. Jordan III*
                                              CHIEF UNITED STATES DISTRICT JUDGE

---

[2] DaVita relied almost exclusively on *Arceo II*, and even premised parts of its time-bar argument on that decision. Yet it failed to acknowledge the *Arceo II* Court's holding that the savings statute applies in this exact context. And as noted above, DaVita also stretched the notice holding from *Arceo II* beyond a reasonable construction. The Court is willing to give counsel the benefit of the doubt and assume none of this was intentional. But judicial resources were wasted when DaVita filed no reply and failed to concede the obvious. As this case progresses, DaVita's counsel is cautioned to comply with Federal Rule of Civil Procedure 11 and Mississippi Rules of Professional Conduct 3.1 (meritorious claims and contentions) and 3.3 (candor toward the tribunal).